McKINLEY, Appellant,

v.

CHRIS' BAND BOX, Appellee.

[Cite as *McKinley v. Chris' Band Box,* 153 Ohio App.3d 387, 2003-Ohio-4086.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19799.

Decided Aug. 1, 2003.

Richard B. Reiling and Melissa K. Schindler, for appellant.

Dan M. Newman, for appellee.

GRADY, Judge.

{¶ 1} Plaintiff, Blake McKinley, appeals from a summary judgment the trial court granted in favor of defendant, Chris' Band Box, on McKinley's claim for relief pursuant to R.C. 4399.18, Ohio's Dram Shop Act.

{¶ 2} Chris' Band Box is a tavern that serves alcoholic beverages pursuant to an Ohio liquor permit. On June 25, 2000, plaintiff McKinley went there with three other persons. One of those persons was Crystal Estes.

{¶ 3} McKinley and his companions consumed alcohol that was served to them by an employee of Chris' Band Box. So did two other male patrons. When McKinley and his companions exited through the front door, they were attacked by the other two men. Plaintiff McKinley was stabbed by one of the two men in the ensuing fight.

{¶ 4} McKinley commenced the action underlying this appeal on an R.C. 4399.18 claim for relief. That section imposes vicarious liability on liquor permit holders for injuries and losses that proximately result from the acts or omissions of intoxicated persons in certain circumstances.

{¶ 5} First, the statute imposes liability for injuries and losses arising from any such acts or omissions when they occur on the permit holder's premises or in a parking lot under the permit holder's control and also proximately result from the negligence of the permit holder or its employee.

{¶ 6} Second, the statute imposes liability for injuries and losses arising from the negligent acts or omissions of intoxicated persons when they occur off the premises or away from the permit holder's parking lot and (1) the permit holder or employee knowingly sold an intoxicating beverage to, inter alia, a noticeably intoxicated person, and (2) the person's intoxication proximately caused the plaintiff's injury, death, or loss.

{¶ 7} McKinley's complaint alleges that his injuries and losses proximately resulted from the assault committed against him, that Chris' Band Box had negligently served alcoholic beverages to the two men when it or its employees knew that the men were intoxicated or likely to be intoxicated, and that the negligence proximately resulted in the assault that produced his injuries.

{¶ 8} After its responsive pleadings were filed, Chris' Band Box moved for summary judgment pursuant to Civ.R. 56. The motion relied on statements in plaintiff McKinley's deposition. McKinley was unable to say whether the men who assaulted him were in the bar. The motion argued that this precluded any finding of negligence on the part of the defendant in serving alcoholic beverages to McKinley's assailants. Further, per the motion, because assault is an intentional act, it superseded and cut off any liability the defendant might have for the negligence alleged.

{¶ 9} McKinley responded with the affidavit of Crystal Estes, one of his companions when the attack occurred. Estes stated that McKinley and another male were attacked while they were going out the door by "two individuals" who had been served alcoholic beverages by an employee of Chris' Band Box when the two men "were clearly intoxicated." Chris' Band Box then supplemented its motion with Estes' prior deposition. The defendant pointed to alleged inconsistencies between Estes's affidavit and her deposition and asked the court to reject the contentions in Estes's affidavit on that account.

{¶ 10} The trial court granted summary judgment on the motion, relying on the decision of this court in *DeVaughn v. Dayton,* Montgomery App. No. 19333, 2002-Ohio-6078, 2002 WL 31492296. The trial court found that Estes's deposition, in which she conceded that she was unable to testify that McKinley's assailants were clearly intoxicated, contradicted her affidavit statement that McKinley's assailants were clearly intoxicated, rendering her affidavit statement inadmissible for judgment purposes. The court also found there was no evidence "that (McKinley's) assailants were served alcohol while clearly intoxicated, and that the intoxication caused the fight and resulting injuries (to McKinley)."

{¶ 11} Plaintiff McKinley filed a timely notice of appeal from the summary judgment. He presents a single assignment of error.

## ASSIGNMENT OF ERROR

{¶ 12} "The trial court erred when it granted summary judgment in favor of the defendant."

{¶ 13} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. Further, the issues of law involved are reviewed de novo. *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1, 711 N.E.2d 726.

{¶ 14} An assault is an intentional act. Therefore, the second prong of R.C. 4399.18, pertaining to negligent acts of noticeably intoxicated persons who were served alcoholic beverages by the permit holder or its employee, has no application. McKinley's claim for relief instead implicates only the first prong of R.C 4399.18, which on this record presents three issue of fact.

{¶ 15} The first issue is whether McKinley suffered injuries and losses proximately resulting from the act or omissions of intoxicated persons. The second is whether those acts or omissions occurred on the permit holder's premises or a parking lot under its control. The third is whether those acts or omissions proximately resulted from the negligence of the permit holder or its employee.

{¶ 16} It is undisputed that McKinley suffered an injury that proximately resulted from the acts of a third person. The trial court found that McKinley could not prove that his assailants were intoxicated; however, the court having rejected Estes's affidavit statement that the men were "clearly intoxicated," due to the admission in Estes's deposition that she could not say that they were clearly intoxicated.

{¶ 17} In *DeVaughn,* we wrote that "where a non-movant attempts to defeat a motion for summary judgment by submitting an affidavit contradicting the affiant's prior testimony, there must be some explanation for the inconsistency in

the evidence. ' "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of any material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." ' " (Citation omitted.) Id. "Only if the affiant explains sources of confusion that resulted in his or her inaccurate deposition testimony or reveals newly discovered evidence that alters his or her perception of circumstances that formed the basis of the deposition testimony may the inconsistent affidavit serve to raise factual disputes that preclude summary judgment." (Citation omitted.) Id. See, also, *Zacchaeus v. Mt. Carmel Health Sys.* (Feb. 5, 2002), Franklin App. No. 01AP–683, 2002 WL 171550 ("[A] non-moving party cannot defeat a motion for summary judgment by creating an issue of fact through a contradictory affidavit. * * * If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.' ") Id. at 3.

{¶ 18} *DeVaughn* involved a slip-and-fall claim. The plaintiff had stated in her deposition that she saw nothing on the floor that caused her to fall. The defendant moved for summary judgment, relying on that admission. In a subsequent affidavit filed in opposition to the defendant's motion for summary judgment, the plaintiff stated that she had observed water on the floor and that the water must have caused her to fall. The plaintiff's affidavit offered no explanation for the contradiction.

{¶ 19} Here, plaintiff's affidavit was filed prior to her deposition, on which defendant likewise relied, and no explanation was proffered by Estes explaining or reconciling the conflict between the two on which the trial court based its finding. We agree that, at least with respect to that failure, there in no significance in the sequence of the two filings, as the court was required to decide the motion on the record as whole. However, we do not agree that a fatal conflict between the two filings is portrayed in relation to McKinley's claim for relief.

{¶ 20} As the trial court noted, Estes testified in her deposition that McKinley's assailants were falling around and that they could not stand without leaning or falling on something. She also stated that they were served alcoholic beverages despite being clearly intoxicated. When asked how she knew that they were clearly intoxicated, Estes replied: "Because I seen them drinking," and they "had like five rounds of drinks." Upon further questioning, she conceded that the two men had "a few rounds," and when asked about the difference in her two statements she replied: "I don't know. They had a few." Then when asked whether she knew of her own knowledge that the two men were "clearly intoxicated," Estes responded, "No."

■ {¶ 21} Estes's affidavit statement that the two men were clearly intoxicated is lay opinion evidence that is admissible per Evid.R. 701. Her direct contradiction of that statement in her deposition prevents the plaintiffs' reliance on that statement of opinion in Estes affidavit as evidence in opposition to defendant's Civ.R. 56 motion. However, and unlike the situation in *DeVaughn,* more evidence than that matter of opinion is in the record.

■ {¶ 22} Plaintiff was not required to show that his assailants were "noticeably intoxicated"; that element of R.C. 4399.18 pertains to a claim arising from injuries that were negligently inflicted, and McKinley's were inflicted intentionally. In that connection, he was required to show only that the two men were intoxicated. Estes's testimony concerning their physical condition and the multiple rounds of drinks they had consumed is not contradicted. Construed as Civ.R. 56(C) requires, her statements create an inference that the two men were intoxicated.

{¶ 23} McKinley was also required to show that the assault occurred on the premises of Chris' Band Box. Estes testified that McKinley and a male companion were jumped as they were exiting the front door. The threshold is a part of the premises. That is sufficient evidence, at least for purposes of Civ.R. 56, to show that the attack occurred on defendant's premises.

{¶ 24} Finally, McKinley is required to show negligence on the part of Chris' Band Box or its employees that was a proximate cause of the attack. For these purposes, such negligence exists when a permit holder persists in serving alcoholic beverages to a person whom he knows or should know is intoxicated.

{¶ 25} Estes stated that the bartender continued to serve the men drinks in spite of their falling-down condition. Construing R.C. 4399.18, the Supreme Court has held that "[a] person has knowledge of an existing condition when his relation to it, his association with it, his control over it, or his direction of it are such to give him actual personal information concerning it." *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 363, 533 N.E.2d 732.

■ {¶ 26} One may reasonably infer from Estes's statements that the bartender who served the two men drinks while they were in the condition Estes describes had actual personal information from which she knew or should have known that they were intoxicated. Requiring proof of that proposition in the form of testimony from the bartender's own mouth is unnecessary to a showing of negligence.

{¶ 27} On the matter of proximate cause, if the assault proximately resulted from the negligence of Chris' Band Box and/or its employee in serving the men drinks in the circumstance Estes describes, R.C. 4399.18 liability may be found. Unlike foreseeability, a legal issue which is assumed by the prohibitions implicit

in R.C. 4399.18, proximate cause is a question of fact, which may not be resolved by summary judgment.

{¶ 28} Defendant-appellee seeks to avoid a proximate cause inquiry by arguing that the assault and stabbing that occurred were intentional torts that cut off any liability it might have. We find no support for the proposition that intentional torts, which a bar fight unquestionably involves, at least with respect to an assailant's conduct, is outside the acts or omissions of intoxicated persons that R.C. 4399.18 comprehends. Further, in order to cut off liability, any intervening, superseding cause of an injury and loss must be one which could or should have eliminated the hazard that the prior liability created and must be disconnected from it. *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 613 N.E.2d 1014. Whether the assault was or was not connected from the permit holder's alleged negligence is the very question that R.C. 4399.18 requires the jury to decide. So the argument begs the question.

{¶ 29} We conclude that the trial court erred when it granted summary judgment on the motion filed by Chris' Band Box. The judgment will be reversed and the matter remanded for further proceedings on the claim for relief.

Judgment reversed
and cause remanded.

WOLFF and FREDERICK N. YOUNG, JJ., concur.