DECISION AND JUDGMENT ENTRY
{¶ 1} Kelly Hill ("Hill") appeals the decision of the Pickaway County Court of Common Pleas granting Thomson Consumer Electronics, Inc. ("Thomson") summary judgment and granting Thomson's motion to strike the affidavit of John S. Kim, M.D. ("Dr. Kim") filed by Hill. Hill contends that the trial court abused its discretion by striking the last two paragraphs of Dr. Kim's affidavit, as it did not review the theory of dual causation in regard to the cause of Hill's condition. Because we find that Dr. Kim's testimony regarding the cause of Hill's condition set forth in his affidavit contradicts his earlier deposition testimony without proper explanation, we affirm the trial court's decision.
 {¶ 2} Hill began working at Thomson in October 1981. He served in various positions, ranging from forming warehandler in 1985, to finishing equipment operator in 1992, to quality insurance packer in 2003. As a finishing equipment operator, Hill was exposed on a daily basis to high contents of glass dust. As a quality insurance packer, Hill was exposed to DPI 1993 vapors, which cause irritation to the nose, throat, and respiratory tract.
 {¶ 3} Hill suffers from a genetic disorder which is referred to as Alpha-1 Antitrypsin Deficiency. Alpha-1 Antitrypsin Deficiency is caused by the inherited lack of a protein that protects the lungs. Lack of this protein leads to organ damage, mainly to the liver and lungs. Dr. Kim has testified that when an individual's Alpha-1 Antitrypsin Deficiency is as severe as Hill's, in most cases, that person will contract chronic obstructive pulmonary disease ("COPD") even without any environmental factors. COPD is a disease that causes microscopic and structural damage to the lungs of those individuals suffering from it, producing such symptoms as excessive sputum production, shortness of breath, and obstruction on pulmonary function testing.
 {¶ 4} In 2001, Hill sought treatment from William Chinn, M.D., a pulmonary specialist, for breathing problems. After treating with Dr. Chinn, Hill sought treatment from Dr. Kim beginning August 5, 2002. Dr. Kim diagnosed Hill with COPD. Following the diagnosis, Hill filed a claim with the Bureau of Workers' Compensation ("BWC") for an occupational disease, alleging that his condition was caused by the environmental conditions in which he labored at Thomson. On December 18, 2003, the District Hearing Officer for the BWC issued an order denying Hill's first report of occupational disease application. Hill appealed the District Hearing Officer's decision, and on April 13, 2004, the BWC Staff Hearing Officer affirmed the District Hearing Officer's order. Hill appealed the Staff Hearing Officer's decision to the Industrial Commission, which refused the appeal. On May 5, 2004, Hill appealed the Staff Hearing Officer's decision to the Pickaway County Court of Common Pleas.
 {¶ 5} In a deposition taken on November 10, 2004, Dr. Kim testified that he believed Hill's contact with the chemicals to which he was exposed as an employee at Thomson "aggravate[d] his underlying COPD" [Emphasis added]. With this testimony as a foundation, Thomson moved for summary judgment, alleging that the environmental conditions at the plant were only an aggravation, not a cause of Hill's condition, and therefore, reasonable minds could only come to the conclusion that Hill did not acquire COPD in the course of his employment with Thomson.
 {¶ 6} Hill filed a memorandum in opposition to Thomson's motion for summary judgment. Attached to the memorandum was an affidavit from Dr. Kim stipulating that Hill's COPD was proximately caused, in part, from his employment at Thomson and his occupational exposure to dust, silica fumes, silica dust, and DPI-1993. This affidavit testimony differed from the deposition testimony Dr. Kim had earlier provided.
 {¶ 7} Thomson filed a motion to strike the last two paragraphs of Dr. Kim's affidavit based on the contradiction between the deposition testimony and the information in the affidavit. Hill did not reply to Thomson's motion to strike. The Pickaway County Court of Common Pleas granted the motion to strike, as well as Thomson's motion for summary judgment.
 {¶ 8} Hill appeals, asserting the following assignment of error:
 {¶ 9} THE COURT ERRED IN DETERMINING THAT THE PHYSICIAN'S AFFIDAVIT CONTRADICTED HIS DEPOSITION TESTIMONY WITHOUT REVIEWING THE THEORY OF DUAL CAUSATION SET FORTH IN MURPHY V. CARROLLTON MANU. CO. (1991),61 Ohio St.3d 585.
 {¶ 10} We begin our discussion of the merits by addressing the standard of review applicable in the case sub judice.
 {¶ 11} In reviewing a summary judgment, the lower court and the appellate court employ the same standard, i.e., we review the judgment independently and without deference to the trial court's determination.[1] Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in its favor.[2] The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment.[3] If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."[4] In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings."[5] Rather, Civ. R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ. R. 56(E) provides:
 {¶ 12} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 13} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial.[6] A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial.[7] A nonmoving party may not, however, defeat a motion for summary judgment by creating an issue of fact by filing, without explanation, an affidavit that contradicts an earlier deposition.[8] The rationale behind this policy is that if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.[9] A court may only consider a contradictory affidavit where the affiant "can provide a legitimate reason for the contradiction, including, but not limited to, the affiant's confusion at the time of the deposition, or affiant's previous lack of access to material facts coupled with affiant's averment of newly discovered facts."[10]
 {¶ 14} The standard of review for an appellate court to strike an affidavit is abuse of discretion.[11] An abuse of discretion implies more than an error of law or judgment; it signifies that the trial court's attitude in reaching its judgment is unreasonable, arbitrary, or unconscionable.[12]
 {¶ 15} A review of the documents filed in this case results in the revelation of a troubling discrepancy between Dr. Kim's deposition testimony and that rendered in his affidavit. Where the party advancing the testimony has not provided a legitimate reason for the contradiction, a court may not consider the contradictory testimony. Because Hill asserted neither confusion on the part of Dr. Kim at the time of the deposition, nor previous lack of access to material facts coupled with averment of newly discovered facts by Dr. Kim, the trial court could not properly consider the testimony. It therefore properly struck the final two paragraphs of Dr. Kim's affidavit from the record. There is no evidence present suggesting that its decision was unreasonable, arbitrary, or unconscionable.
 {¶ 16} In its motion for summary judgment, Thomson relied on Dr. Kim's deposition testimony stating that the environmental conditions in which Hill labored at Thomson merely aggravated his underlying COPD in order to meet its initial burden under Civ.R. 56(C). The burden then shifted to Hill to set forth specific facts showing there was a genuine issue for trial. Hill, however, propounded affidavit testimony contradicting prior testimony from the same witness without providing a legitimate reason for the contradiction. Because such testimony was appropriately excluded, and because the remaining testimony did not demonstrate the existence of a genuine issue of material fact for trial, the trial court properly granted summary judgment. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Midwest Specialties, Inc. v. Firestone Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411.
[2] Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; cf., also, State ex rel. Coulverson v. Ohio Adult Parole Auth. (1991),62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C).
[3] Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798.
[4] Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 145,677 N.E.2d 308, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 295,662 N.E.2d 264.
[5] Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46.
[6] See Dresher, 75 Ohio St.3d at 293; Civ.R. 56(E).
[7] See Dresher, 75 Ohio St.3d at 293; Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
[8] Hicks v. Toledo Blade Co. (2004), 2004-Ohio-5241 at ¶ 31, citingLinder v. American Nat'l Ins. Co., 155 Ohio App.3d 30, 2003-Ohio-5349
at ¶ 14.
[9] McKinley v. Chris' Band Box, 153 Ohio App.3d 387, 2003-Ohio-4086
at ¶ 17, citing Zacchaeus v. Mount Carmel Health Sys., Franklin App. No. 01 AP-683, 2002 WL 171550 (February 5, 2002).
[10] See, e.g., Push v. A-Best Prod. Co. (Feb. 20, 1996), Scioto App. No. 94CA2306, at fn. 8, 1996 WL 192968; Bulishak v. Finast Supermarkets
(Mar. 19, 1992), Cuyahoga App. No. 62301, 1992 WL 55835 at *2.
[11] See Hicks, 2004-Ohio-5241 at ¶ 31, citing Early v. Toledo Blade
(1998), 130 Ohio App.3d 302, 318, 720 N.E.2d 107.
[12] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, citing Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855; Conner v. Conner (1959), 170 Ohio St. 85, 162 N.E.2d 852;Chester Township v. Geauga Co. Budget Comm. (1976), 48 Ohio St.2d 372,358 N.E.2d 610.