OPINION
{¶ 1} Plaintiff-appellant Carol Campbell appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendants Chris's Café, Inc. and 1111 West Fourth Street, Inc. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE COMMON PLEAS COURT OF RICHLAND COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT BY IMPROPERLY RULING THAT R.C. 4399.18, THE DRAM SHOP ACT, DOES NOT APPLY TO INJURIES SUSTAINED BY A PATRON OF CHRIS'S CAFÉ, THAT WERE CAUSED BY MINORS WHO WERE ILLEGALLY SERVED INTOXICATING BEVERAGES AND SUBSEQUENTLY ASSAULTED SAME SAID PATRON ON THE PREMISES, WHICH CARRIED INTO A PARKING LOT.
 {¶ 3} "II. THE COMMON PLEAS COURT OF RICHLAND COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT BY IMPROPERLY RULING THAT THE PLAINTIFF-APPELLANT IS REQUIRED TO FILE A COMPLAINT WITH SPECIFICITY AS TO NEGLIGENCE PER SE AND THAT NEGLIGENCE PER SE DOES NOT EXIST IN THIS CASE.
 {¶ 4} "III. THE COMMON PLEAS COURT OF RICHLAND COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF-APPELLANT BY IMPROPERLY RULING THAT NO GENUINE ISSUE OF MATERIAL FACT REMAINS TO BE LITIGATED."
 {¶ 5} Appellant's statement pursuant to Loc. R. 9 states the trial court's judgment is inappropriate because "a genuine dispute exists as a matter of law on the undisputed facts relating to negligence per se, and as to material facts".
 {¶ 6} The record indicates on September 29, 2002, appellant and her friend Opal spent some time in appellee's bar. Upon leaving, they were assaulted on their way to the parking lot by one or more persons. In her deposition, appellant stated there was nothing going on in the bar that night which made her think anyone should have been asked to leave. She further stated she was extremely surprised, "very floored" and never saw the assault coming. She had no reason, based upon what happened inside the bar, to suppose she and her friend were going to be attacked outside the bar.
 {¶ 7} Appellant deposed she was informed by the Mansfield Police Department the assailants ranged in age from sixteen to nineteen. She testified she had observed them being served multiple times in the bar and they were "partying extremely hard".
 {¶ 8} Civ. R. 56 states in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 10} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Houndshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App. 3d 826.
 {¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, Drescher v. Burt
(1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v. Henkle (1991), 75 Ohio App. 3d 732. A fact is material when it affects the outcome of the case under the applicable substantive law, Russell v. Interim Personnel, Inc.
(1999), 135 Ohio App.3d 301.
 I II. {¶ 13} In her first assignment of error, appellant argues the trial court did not apply R.C. 4399.18, the Dram Shop Act, to this case. Appellant's second assignment of error asserts the trial court erroneously found she had failed to plead negligence per se with sufficient specificity, and also the doctrine of negligence per se does not apply. We will address these interrelated assignments together for the sake of clarity.
 {¶ 14} R.C. 4399.18 states in pertinent part:
 {¶ 15} "no person, and no executor or administrator of the person, who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the personal injury, death, or property damage occurred on the permit holder's premises or in a parking lot under the control of the permit holder and was proximately caused by the negligence of the permit holder or an employee of the permit holder. A person has a cause of action against a permit holder or an employee of a permit holder for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:
 {¶ 16} (A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to at least one of the following:
 {¶ 17} (1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
 {¶ 18} (2) A person in violation of section 4301.69 of the Revised Code.
 {¶ 19} (B) The person's intoxication proximately caused the personal injury, death, or property damage.
 {¶ 20} In its judgment of September 27, 2005, the trial court correctly found Ohio traditionally refused to recognize claims against liquor permit holders for injuries caused by their intoxicated patrons, but the Dram Shop Act sets forth specific criteria creating a narrow exception, Judgment Entry at 4, citations deleted.
 {¶ 21} The trial court correctly analyzed R.C. 4399.11, and found the Legislature has distinguished between injuries occurring on the premises and injuries occurring off the premises. If the injury occurs on premises, the plaintiff must show the owner or his employees' negligence proximately caused the injury. If the injury occurs off premises, the plaintiff will prevail only if he or she can demonstrate the bar owner or his employees knowingly served an intoxicating beverage to an intoxicated person, or an underage person. The trial court found appellant's injuries occurred on premises, so her cause of action sounds in ordinary negligence. Appellant must come forward with evidence her injuries were cause by the negligence of the owner or an employee.
 {¶ 22} Appellant argues appellees were negligent per se by serving alcoholic beverages to an individual under 21. In Lesnauv. Andante Enterprises, Inc., 93 Ohio St. 3d 467,2001-Ohio-1591, the Ohio Supreme Court held R.C. 4399.18 does not impose strict liability on an owner or employee who serves an underage person alcohol. The statute uses the words "knowingly sold" which requires proof the seller knew or should have known.
 {¶ 23} In order to prevail under the on-premises section of the statute, appellant had to show appellees were negligent. Appellant had to adduce evidence on three essential elements: (1) the existence of a duty; (2) failure to discharge the duties; and (3) injury proximately resulting from the failure, see, e.g.,Wallace v. Ohio Department of Commerce (2002),96 Ohio St. 3d 266.
 {¶ 24} The Lesnau court specifically refers to the negligent actions of an intoxicated person. The alleged actions of the intoxicated person or persons here were intentional, not negligent.
 {¶ 25} In Federal Steel and Wire Corporation v. RuhlinConstruction Company (1989), 45 Ohio St. 3d 171, the Ohio Supreme Court noted there is ordinarily no duty to control the conduct of the third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection, see Littleton v. GoodSamaritan Hospital Health Center (1988), 39 Ohio St. 3d 86. In part the existence of a duty depends upon the foreseeable of the injury, Federal Steel at 772. The Supreme Court quoted Sections 448 and 449 of the Restatement of the Laws Second, Torts (1965), which states: "The act of a third person in committing an intentional tort or crime is a superceding cause of harm to another resulting therefrom, although the actor's negligence created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself the opportunity to commit a tort or crime."
 {¶ 26} The trial court found appellant conceded the alleged assailants' behavior in the bar raised no cause for alarm, and she was completely surprised when she and her friend were ambushed. The court found this demonstrated the criminal acts of her alleged assailants were not foreseeable, and for this reason, appellees breached no duty to her.
 {¶ 27} We find the trial court properly applied the on-premises portion of the statute to this action and correctly found the case did not present a question of negligence per se.
 {¶ 28} The first and second assignments of error are overruled.
 III. {¶ 29} In her third assignment of error, appellant urges the court erred in finding there was no genuine issue of material fact presented.
 {¶ 30} Loc. App. R. 9 requires an appellant who challenges the summary judgment on the basis there were genuine issues of material fact to set forth what those facts are. Appellant's facts relating to this assignment of error states appellees do not deny: (1) the attack occurred; (2) appellant was at appellee's bar; (3) the minors in question could have been at the bar; and (4) appellant suffered injuries at the hands of the minors. There are no genuine issues of material fact if appellees concede them. The balance of the statement of facts relating to this assignment of error argues the court erred in applying the law to the undisputed facts, as in I and II supra.
 {¶ 31} We find appellant did not set forth any disputed material facts, or show reasonable minds could draw different factual inferences from them.
 {¶ 32} The third assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.