OPINION
{¶ 1} These are three consolidated appeals from the Fayette County Court of Common Pleas.
 {¶ 2} In Case No. CA2008-05-013, plaintiff-appellant/cross-appellee, Hilde Carter (Carter), appeals the trial court's decision granting summary judgment to defendant-appellee/cross-appellant, Woody's Café LLC's (Woody's). Woody's in turn cross-appeals the trial court's finding, in that same judgment via Case No. CA2008-05-017, that defendant *Page 2 
Thaddeus Schlichter (Schlichter) and defendant Michael Noble (Noble) were intoxicated at the time Carter was injured. Finally in Case No. CA2008-05-016, Schlichter appeals the decision of the trial court denying his motion for summary judgment. We reverse the trial court's decision granting summary judgment to Woody's and the trial court's finding of intoxication as to Schlichter and Noble. We also dismiss Schlichter's appeal.
 {¶ 3} At approximately 10:30 p.m. on Saturday, March 26, 2005, Carter and a friend arrived at Woody's. About the same time, Noble entered Woody's, sat at a table and had some drinks. Schlichter and some friends arrived at Woody's about 11:00 p.m., having had a few alcoholic beverages at another establishment. While at Woody's, Schlichter had about three or four drinks, which included a shot of alcohol. At approximately 11:20 or 11:30, on his way to the dance floor, Schlichter bumped into Noble's arm or Noble's table and spilled beer on Noble. Schlichter apologized to Noble and continued walking. Noble however, took exception to these events and attacked Schlichter from behind by pushing him against the wall. Schlichter in turn grabbed Noble and pushed him to the ground. During the altercation, Carter was knocked off of the stool she was sitting on and pinned beneath Schlichter and Noble. Carter suffered a knee injury which later required surgery.
 {¶ 4} Carter filed a complaint against Woody's, Schlichter and Noble. Carter alleged negligence on the part of Schlichter and Noble, and a violation of R.C. 4399.18 by Woody's for serving Schlichter and Noble while they were intoxicated. Woody's and Schlichter both moved for summary judgment. Noble was not a party to either motion as he was in default for failure to answer the complaint or appear in court. The trial court granted Woody's motion for summary judgment, stating that Carter failed to show that Woody's served alcohol to Schlichter and Noble with actual knowledge that either of them were noticeably intoxicated. In granting summary judgment to Woody's the court made the following finding of fact in its *Page 3 
summary judgment entry: "Schlichter and Noble were intoxicated at the time Plaintiff was knocked off her stool." The entry further stated "[t]he record establishes, at best, that both were intoxicated, but not `noticeably'." The trial court denied Schlichter's summary judgment motion without any further findings of fact or conclusions of law.
 {¶ 5} In Case No. CA2008-05-013, Carter presents the following assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT WOODY'S CAFÉ, LLC AS GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO DEFENDANT/APPELLEE WOODY'S CAFÉ, LLC'S KNOWLEDGE OF THE NOTICEABLE INTOXICATION OF DEFENDANT THAD SCHLICHTER AND DEFENDANT MICHAEL NOBLE."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WOODY'S CAFÉ, AS THE REQUISITE KNOWLEDGE REQUIRED BY THE BAR OWNER AN/OR EMPLOYEE TO SUFFICE AN O.R.C. § 4399.18 VIOLATION WAS ESTABLISHED."
 {¶ 10} Because Carter's assignments of error are related and will have substantially similar outcomes, we have elected to combine them for ease of discussion.
 {¶ 11} Carter argues that the trial court erred in granting summary judgment to Woody's because (1) there was a question of fact about Woody's knowledge regarding Schlichter's and Noble's intoxication and (2) Woody's knew or should have known that Schlichter and Noble were noticeably intoxicated. We disagree with Carter's arguments. However, we do find that the trial court erred in applying an incorrect test for liability under *Page 4 
R.C. 4399.18.
 {¶ 12} Pursuant to Civ. R. 56(C), a court may only grant summary judgment where: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence submitted can only lead reasonable minds to the conclusion that is adverse to the nonmoving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The party who moves for summary judgment has the burden of demonstrating that there is no genuine issue of material fact regarding the essential elements of the claim(s) of the nonmoving party. Dresher v. Burt, 75 Ohio St.3d 280,292-93, 1996-Ohio-107. A material fact is one which would affect the outcome of the suit under the applicable substantive law. Anderson v.Liberty Lobby, Inc. (1986), 477 U.S. 242, 248, 106 S.Ct. 2505.
 {¶ 13} After this initial burden has been met, the nonmoving party must present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. Dresher at 293. Under Civ. R. 56(E), the nonmoving party may not rely on mere allegations or denials in his pleading, instead he must respond with specificity to show a genuine issue of material fact. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Although the nonmoving party is entitled to have any doubts resolved, and evidence construed, most strongly in his favor, summary judgment is appropriate where a plaintiff fails to produce evidence essential to his claim. Welco Indus., Inc. v. AppliedCos., 67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 14} Appellate review of a trial court's decision to grant summary judgment is subject to a de novo review. Grafton v. Ohio Edison Co,77 Ohio St.3d 102, 105, 1996-Ohio-336. This requires a reviewing court to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine *Page 5 
issues exist for trial." Bravard v. Curran 155 Ohio App.3d 713,2004-Ohio-181, ¶ 9, quoting Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 383. An appellate court must review a trial court's decision regarding summary judgment independently and without any deference to the trial court's judgment. Id. at ¶ 9, citing Burgess v.Tackas (1998), 125 Ohio App.3d 294, 295.
 {¶ 15} Under the common law, a person who was injured through the actions of an intoxicated person could not recover against a party who sold the intoxicating beverages, because the proximate cause of the injury was the alcohol consumption, not its sale. Great Central Ins. Co.v. Tobias (1988), 37 Ohio St.3d 127, 129-30. In 1996, in response to this common law prohibition, the General Assembly enacted R.C. 4399.18
as a statutory remedy for the injured party. Cattabiani v. Purvis (Nov. 15, 1996), Montgomery App. No. 15851, 1996 WL 664993 at *2. This statute provides the sole remedy for a party who is injured by an allegedly intoxicated patron of an Ohio liquor permit holder's establishment.Cummins v. Rubio (1993), 87 Ohio App.3d 516, 520-21.
 {¶ 16} Passage of R.C. 4399.18 created an exception to the longstanding Ohio rule that refused to recognize claims against tavern owners for injuries that resulted from acts by their intoxicated patrons. Klever v. Canton Sachsenheim, Inc. 86 Ohio St.3d 419, 421,1999-Ohio-117. The narrow exceptions created by R.C. 4399.18 apply "`only when' certain criteria are met." (Emphasis sic.) Id. "Because this statutory exception creates a cause of action not previously recognized by common law, the exception must be narrowly construed." Id.
 {¶ 17} The statute has two provisions for a cause of action against a liquor permit holder or his employee(s): (1) beer or intoxicating liquor is sold to an intoxicated person whose actions cause injury to a partyon the permit holder's premises and the injury is proximately caused by the negligence of the permit holder or his employees; or (2) the permit *Page 6 
holder or employee knowingly sold an intoxicating beverage to a noticeably intoxicated person and that intoxicated person's negligent actions proximately caused injury to a third party off the permitholder's premises. R.C. 4399.18.[1]
 {¶ 18} While off-premises liability requires actual knowledge, and noticeable intoxication, there is no such requirement for on-premises liability. Kulin v. Van Hart, Inc., Carrol App. No. 07 CA 850, 2008-Ohio-5050, ¶ 22-23, 34-35. Instead, a plaintiff must show there was negligence on the part of the permit holder or his employee(s). Id. at ¶ 35; Campbell's v. Chris's Café, Richland App. No. 2005-CA-108,2006-Ohio-4063, ¶ 21; McKinley v. Chris' Band Box, 153 Ohio App.3d 387,2003-Ohio-4086, ¶ 24.
 {¶ 19} It is also a well-established textual canon of statutory interpretation that requires courts to examine the plain language of the statute. State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 9. If the language is clear and unambiguous, a court must apply the statute as written. Id. Under this plain language analysis, in order to maintain a cause of action against a liquor permit holder the plaintiff must show: (1) an injury sustained on the liquor permit holder's premises; (2) as a result of the actions of an intoxicated person; (3) which was proximately caused by the negligence of the liquor permit holder or his employee(s). R.C. 4399.18; McKinley at ¶ 5, 15. *Page 7 
 {¶ 20} The trial court applied an incorrect test for liability when it granted summary judgment to Woody's. Instead of following the plain language of the statute, the trial court required a showing of actual knowledge by the permit holder, and noticeable intoxication on the part of Noble and Schlichter.[2] In fact, the trial court granted Woody's motion for summary judgment specifically because it determined that Woody's did not have actual knowledge of any noticeable intoxication on the part of Schlichter and Noble. The trial court was incorrect in applying these requirements as the court erroneously conflated the requirements of off-premises and on-premises liability. We therefore sustain Carter's two assignments of error, insofar as the trial court was incorrect in granting summary judgment to Woody's; and reverse the trial court's grant of summary judgment to Woody's and remand this case for the trial court to determine whether summary judgment is proper based on the requirements for "on-premises" liability under R.C. 4399.18.
 {¶ 21} In Case No. CA2008-05-017, Woody's presents a single cross-assignment of error:
 {¶ 22} "THE TRIAL COURT ERRED IN DETERMINING DEFENDANTS SCHLICHTER AND NOBLE WERE INTOXICATED AT THE TIME OF THE ALTERCATION WHICH INJURED PLAINTIFF."
 {¶ 23} Woody's argues that there was not enough evidence in the record to support the trial court's finding that Schlichter and Noble were intoxicated. We find this argument has merit.
 {¶ 24} As noted above, summary judgment is improper where there are genuine *Page 8 
issues as to material facts. Civ. R. 56(C). "A genuine issue of fact may be found to exist where competing reasonable inferences may be drawn from undisputed underlying evidence or where the facts presented are uncertain or indefinite * * * [s]uch issues should be left to the trier of facts." Phillips v. Good Samaritan Hospital (1979),65 Ohio App.2d 112, 114. While Civ. R. 56(C) requires courts to construe the evidence most strongly in favor of the nonmoving party, it does not give courts license to reach to unsubstantiated conclusions, which are unsupported by the evidence in the record at the time summary judgment is granted.
 {¶ 25} In the case at bar, the trial court erred when it found that, "Schlichter and Noble were intoxicated at the time Plaintiff was knocked off her stool" and "[t]he record establishes, at best, that both [Schlichter and Noble] were intoxicated." While the trial court may have made the intoxication finding by construing the evidence most strongly in favor of Carter, a careful review of the record shows conflicting evidence regarding this determination, and reasonable minds could come to a different conclusion based upon the evidence in the record at this time. As we are reversing and remanding the trial court's grant of summary judgment to Woody's, we also reverse the trial court's finding as to Schlichter and Noble's intoxication. In making this decision, we are not suggesting that the opposite is true, i.e. that the parties were not intoxicated. Instead, we simply hold that the trail court's factual determination of intoxication was improper, given the record that was before the court when ruling on the summary judgment motions. We therefore sustain Woody's cross-assignment of error.
 {¶ 26} In Case No. CA2008-05-016, Schlichter argues that the trial court erred by denying his motion for summary judgment and determining that he and Noble were intoxicated at the time Carter was injured. We cannot reach the merits as the order denying *Page 9 
Schlichter's motion for summary judgment is not a final appealable order.[3]
 {¶ 27} An appellate court's jurisdiction is limited to reviewing a lower court's final judgments. Section 3(B)(2), Article IV, Ohio Constitution. An order of a court is a final appealable order when the requirements of R.C. 2505.02 and, when applicable, Civ. R. 54(B) are met.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.[4] In general, the denial of a motion for summary judgment is not a final appealable order, because it does not determine an action or prevent a judgment as required by R.C. 2505.02. Haynes v. Franklin
(1999), 135 Ohio App.3d 82, 85, citing Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90. Therefore, an appellate court lacks the jurisdiction to review a matter where there is no final appealable order. Noble v.Caldwell (1989), 44 Ohio St.3d 92, 94.
 {¶ 28} The order denying Schlichter's motion for summary judgment did not determine the action nor did it prevent a judgment. Therefore, we lack jurisdiction to review the trial court's order which denied summary judgment to Schlichter. Because the trial court's order was not a final appealable order, we hereby dismiss Schlichter's appeal in Case No. CA2008-05-016.
 {¶ 29} Judgment reversed and remanded as to the grant of summary judgment to Woody's and the finding of intoxication by the trial court.
BRESSLER, P.J., and POWELL, J., concur.
[1] {¶ a} R.C. 4399.18 states in pertinent part:
{¶ b} "no person * * * who suffers * * * injury * * * as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the * * * injury * * * occurred on the permit holder's premises or in a parking lot under the control of the permit holder and was proximately caused by the negligence of the permit holder or an employee of the permit holder.
{¶ c} "A person has a cause of action against a permit holder or an employee of a permit holder for personal injury * * * caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:
{¶ d} "(A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to at least one of the following:
{¶ e} "(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;
{¶ f} "(2) A person in violation of section 4301.69 of the Revised Code.
{¶ g} "(B) The person's intoxication proximately caused the personal injury * * *."
[2] While the trial court did not state where it derived its requirements for recovery under R.C. 4399.18, we can only presume that the court followed the reasoning espoused by Brown v. Hyatt-AllenAmerican Legion Post No. 538 (Nov. 9, 1990) Lucas App. No. L-89-336,1990 WL 174317, when it required actual knowledge of intoxication. Id. at *5 (finding that the permit holder (or employee) must have actual knowledge of intoxication before they could be found liable for an injury whether or not the injury occurred on or off premises.) However, no court, including Brown, has ever required "noticeable intoxication" in on-premises liability cases.
[3] The question of intoxication has been resolved in our description of Woody's cross-appeal in Case No. CA2008-05-017.
[4] {¶ a} "R.C. 2505.02 defines three types of final orders: (1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. In this case, we will only discuss the first type of final order, which is an order affecting a substantialright which determines an action and prevents a judgment." Chef ItalianoCorp. at 87-88 (emphasis in the original).
{¶ b} Civ. R. 54(B) does not allow an appeal from a any decree or order, "unless there also is an express determination made by the court in its journal entry that there is no just reason for delay in entering a final order from which an appeal may be taken." Pokorny v. TilbyDevelopment Co. (1977), 52 Ohio St.2d 183, 185. *Page 1