DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that denied appellants' motion to stay litigation and compel arbitration. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellants New York Life Insurance Company ("New York Life") and Brian Nowak, managing partner of the company's office in Toledo, Ohio, set forth a single assignment of error:
 {¶ 3} "The trial court erred in denying Defendants' Motion to Stay Litigation and to Compel Arbitration."
 {¶ 4} Appellee Richard Eatherton began working for appellant New York Life as a life insurance agent in 1978. At all times relevant herein, Eatherton was properly licensed to sell insurance in Ohio as an agent for New York Life. In 1997, Eatherton took steps to become a registered securities dealer for New York Life Securities, an affiliate of New York Life. As part of the process, Eatherton applied for registration with the National Association of Securities Dealers ("NASD"). This included completing a Uniform Application for Securities Industry Registration or Transfer ("Form U-4"). New York Life Securities hired Eatherton as an independent-contractor securities dealer in January 1998. In September 1998, Eatherton and New York Life Securities entered into a Registered Representative Agreement ("Representative Agreement") formalizing the relationship. As a result, two separate agreements existed between Eatherton and New York Life at that time — an agent's contract to sell insurance and a contract to sell securities.
 {¶ 5} In early 2001, Eatherton allowed his license to sell securities to expire. He received formal notice his securities license had been terminated in August 2001. Eatherton's license to sell insurance remained current. However, in January 2002, New York Life terminated Eatherton's contract to sell insurance for the company. On December 31, 2002, Eatherton and his wife filed a complaint in the Lucas County Court of Common Pleas alleging wrongful discharge, tortious interference with business relationships, defamation and loss of consortium.
 {¶ 6} On July 24, 2003, New York Life filed a motion to stay litigation and compel arbitration of Eatherton's claims. In its motion, New York Life argued that the Form U-4 and the Representative Agreement both contained clauses requiring Eatherton to arbitrate his dispute with New York Life. On April 19, 2005, the trial court denied appellants' motion, finding that based on the two agreements cited by appellants the matter was not validly referable to arbitration. Appellants filed this timely appeal.
 {¶ 7} When reviewing a trial court's ruling on a motion to stay litigation and compel arbitration, this court applies an abuse of discretion standard. Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to R.C. 2711.02, a court may stay an action pending arbitration. However, the court must be satisfied that the matter is validly referable to arbitration under the parties' arbitration agreement. Cross v. Carnes (1998),132 Ohio App.3d 156, 166. Parties are not required to submit to arbitration disputes which they have not agreed to arbitrate, Cross, supra, at 165, although Ohio public policy strongly favors dispute resolution through arbitration. Schaefer v. Allstate Ins. Co.
(1992), 63 Ohio St.3d 798, 711.
 {¶ 9} In its sole assignment of error, New York Life asserts that arbitration of this matter arising from its termination of Eatherton's employment as an insurance agent is mandated by the Representative Agreement and the Form U-4.
 {¶ 10} We will first consider the Representative Agreement entered into by Eatherton and New York Life in 1998. It is not disputed that the agreement contains a provision requiring arbitration of any "dispute, claim or controversy" arising between the representative and the company. However, the document also states: "This agreement is terminated automatically when* * * [t]he representative becomes ineligible to sellsecurities." In this case, Eatherton became ineligible to sell securities in 2001, thereby terminating the agreement and its arbitration clause by its own terms. When New York Life terminated Eatherton in January 2002, giving rise to his cause of action, the agreement was no longer in effect. Accordingly, arbitration is not mandated by the Representative Agreement.
 {¶ 11} Next, we consider the Form U-4, which contains the following language on page 4:
 {¶ 12} "5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction."
 {¶ 13} Form U-4 was filed as part of Eatherton's application to be registered with the National Association of Securities Dealers. In Item 10 of appellant's application, the only organization he indicated he was registering with was the NASD. The Form U-4 language compelled arbitration of any dispute between Eatherton and his firm under the rules of the NASD.
However, Eatherton's registration with the NASD expired in 2001. His complaint arises from New York Life's decision in January 2002, to terminate his employment after his affiliation with the NASD ended. Eatherton was not bound by the terms of Form U-4 when this cause of action arose in 2002. Accordingly, arbitration of Eatherton's claims against New York Life and Nowack cannot be mandated by the Form U-4.
 {¶ 14} Based on the foregoing, we find that the trial court's denial of appellants' motion was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Appellants' sole assignment of error is not well-taken.
 {¶ 15} Appellees seek sanctions against appellants as part of this appeal. First, appellees argue that appellants should be sanctioned because they attempted to insert into the appellate evidentiary record an affidavit they did not file until two months after the trial court denied their motion. Appellees state in their brief that on June 20, 2005, appellants filed a "Request to Clarify Record" with an affidavit attached. Appellants base portions of their appellate argument on appeal on information in the affidavit. However, because that affidavit is not part of the record, any arguments based thereon have been disregarded by this court. Appellees also argue that appellants should be sanctioned because they based their appeal on two documents that have nothing to do with this case: the Representative Agreement and Form U-4.
 {¶ 16} App.R. 23 provides that "if a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that presents no reasonable question for review. Talbott v. Fountas (1984),16 Ohio App.3d 226. Sanctions under App.R. 23 serve two important functions: compensation for the non-appealing party for the defense of spurious appeals, and deterrence of frivolity to preserve the appellate calendar for cases truly worthy of consideration. Tessler v. Ayer (1995), 108 Ohio App.3d 47.
 {¶ 17} This court has carefully considered appellees' arguments in support of our finding this appeal frivolous. It is clear appellants filed the affidavit in question after the trial court denied their motion and the appeal was filed. Why appellants did so is not clear, since this court cannot consider on appeal materials that were not before the trial court when it made its decision. Appellants' references to the affidavit are certainly misguided, to say the least. We have already stated that we did not consider any of appellants' arguments premised on information contained in the affidavit in question since the affidavit is not part of the record. Additionally, as we have stated, appellants' arguments based on the Representative Agreement and the Form U-4 simply do not support their assignment of error. However, we cannot find that those arguments constitute a frivolous appeal.
 {¶ 18} Based on the foregoing, appellees' request for sanctions against appellants is denied.
 {¶ 19} On consideration whereof, this court finds substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J. and Parish, J., concur.