DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Anthony Jackson appeals from the Summit County Court of Common Pleas, which granted summary judgment to Appellees Bocassio's Family Restaurant and Sports Pub, Bocassio's, Inc., and Lee Sacre, the owner. Appellees rebut the error that Appellant has alleged, and assert a cross-assignment of error pursuant to App.R. 3(C)(2). This Court affirms the trial court.
 I. {¶ 2} Sometime after midnight on Thursday, December 18, 2003, several off duty police officers and firefighters were socializing in Appellees' bar. The police officers had attended a Christmas party earlier in the evening and were not in uniform. Appellant was one of these police officers. He was not in uniform, but he was armed with a firearm.
 {¶ 3} The bar was crowded even before the officers arrived. Another individual, Adrian Walker, was not a police officer or firefighter, but was a patron socializing in Appellees' bar. At some point, a confrontation between Mr. Walker and certain police officers became heated. Several of the officers decided to remove Mr. Walker from the bar — Appellant was one of them. Appellant testified that he did not ask Mr. Walker to leave nor did he inform Mr. Walker that he was a police officer. Appellant grabbed Mr. Walker in a full-nelson head-hold and physically forced him out of the bar. Mr. Walker struggled to get free. Once in the parking lot, the two men tumbled to the ground and, according to Appellant, Mr. Walker bit him on the finger.
 {¶ 4} Appellant filed for and received workers' compensation for the injury. Appellant also filed the underlying lawsuit, in which he argued that Mr. Walker was liable to him for assault and battery, and further alleged that Appellees were liable on theories of R.C. 4399.18 (the Ohio Dram Shop Act) as well as general negligence. Eventually, Appellant moved for default judgment against Mr. Walker, which the trial court granted. That ruling is not part of the present appeal. Appellees, on the other hand, moved for summary judgment on two bases: (1) that Appellant's claims were preempted by the Fireman's Rule doctrine; or (2) that, under the circumstances, the Dram Shop Act is the exclusive theory of liability and because Appellant could not show that Appellees had served Mr. Walker while having actual knowledge of his intoxication, Appellant could not make a prima facie case, so the claim failed as a matter of law.
 {¶ 5} The trial court denied the Fireman's Rule argument, but granted summary judgment based on Appellant's inability to produce evidence as to each element of the Dram Shop Act. Appellant timely appealed and asserted a single assignment of error for review. Appellees asserted a cross-assignment of error, and argued for affirmance of the judgment based on other grounds, i.e., the Fireman's Rule.
 II. Assignment of Error
"TRIAL COURT'S GRANTING OF SUMMARY JUDGMENT ON BEHALF OF BOCASSIO'S AND LEE SACRE WAS CONTRARY TO LAW." [Sic]
 {¶ 6} Under this single assignment of error, Appellant raises and argues several reasons why he believes summary judgment was improper. Overall, however, Appellant's theory relies on his premise that tavern owners are duty bound to protect police officers from intoxicated patrons who resist arrest. The factual basis is undisputed — an intoxicated patron bit an officer in an effort to be free of the officer's restraining head-hold. Appellant concludes that the tavern owner has breached his duty and must pay damages to the officer. We disagree.
 {¶ 7} Before turning to Appellant's specific arguments, a preliminary matter warrants mention. An appellate court does not consider materials on appeal that were not before the trial court when it made its decision. Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208. In Eatherton v. New York LifeInsurance Company, 6th Dist. No. L-05-1171, 2006-Ohio-2233, the Sixth District considered an App.R. 23 motion for sanctions against an appellant who had supported the appeal by appending an affidavit that was not in the trial court record. Id. at ¶ 15. "App.R. 23 serve[s] two important functions: compensation for the non-appealing party for the defense of spurious appeals, and deterrence of frivolity to preserve the appellate calendar for cases truly worthy of consideration." Id., citing Tessler v.Ayer (1995), 108 Ohio App.3d 47.
 {¶ 8} The Sixth District concluded that, "Appellant's references to the affidavit are certainly misguided, to say the least," but "we cannot find that those arguments constitute a frivolous appeal." Id. at ¶ 17. Therefore, the court declined to impose sanctions. In the present case, in a May 11, 2005 order, the trial court expressly struck from the record certain of Appellant's filings (transcripts of interviews of Lee Sacre, Joseph Karlovic, and Adrian Walker, taken during a police investigation). However, Appellant appended these documents to his merit brief and referred to them repeatedly. Even after Appellees protested Appellant's conduct in their own brief, Appellant referenced the documents again in his reply brief. Appellees did not move this Court for sanctions and we will not take it upon ourselves to do so. We merely acknowledge that we ignored these documents and Appellant's arguments that were premised on the information contained in them. See id.
 {¶ 9} This appeal arises from the grant of summary judgment. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105; Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 10} Upon moving for summary judgment, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id. at 292-93. Once the moving party's burden has been satisfied, the burden shifts to the non-moving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id.; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115.
 {¶ 11} Appellant argues that the summary judgment standard requires the moving party to support its motion for summary judgment by producing multiple copies of each form of evidence cited in Civ.R. 56(C). Appellant asserts: "Clearly the Dresher Court states that all the listed forms of evidence and adequate time for discovery is [sic] a condition precedent to a valid Summary Judgment Motion." (Emphasis omitted.)
 {¶ 12} Under Appellant's approach, in order to obtain summary judgment, a moving party would have to produce all forms of evidence (pleadings and depositions and answers to interrogatories and written admissions and affidavits and
transcripts of the evidence and written stipulations of fact) and produce more than one of each. Such an approach is both unreasonable and unsupported by Civ.R. 56. A defending party may move for summary judgment "with or without supporting affidavits," Civ.R. 56(B), and the court shall consider the evidence properly submitted, "if any," Civ.R. 56(C), in ruling on the motion.
 {¶ 13} Dresher did not state that all forms of evidence are necessary as a condition precedent to a defendant's receiving summary judgment; Dresher said "there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any affirmative evidence, i.e., affidavits or similar materials produced by the movant." (Emphasis omitted.)Dresher, 75 Ohio St.3d at 292. Instead, a defendant "bears [only] the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Id. at 293.
 {¶ 14} Appellant also argues that Dresher requires "adequate time for discovery." However, the Dresher holding expresses no opinion as to time for discovery. We conclude that this argument lacks merit.
 {¶ 15} Appellant argues that he "was precluded from full and fair discovery on the issues as discovery had only just commenced," alleging that Appellees "refused to comply with discovery and instead [have] prematurely filed a motion for summary judgment." We find these arguments to be unsupported by the record. Appellant filed a complaint on November 17, 2004, and then he moved for summary judgment on February 17, 2005, which the court eventually denied. Appellees moved for summary judgment on July 5, 2005, and the court granted it on September 12, 2005. Appellant alleges that Appellees' motion was premature. Appellant had moved for summary judgment almost five months before Appellees filed their motion for summary judgment on July 5, 2005. Furthermore, the record contains no evidence to support Appellant's claim that Appellees refused to comply with discovery or that Appellant was in any way precluded from full and fair discovery.
 {¶ 16} Appellant contends that he "should be given the opportunity to depose the bartender" and "all members present that evening specifically the other employees of Bocassio's as well as any patrons present at the time." This contention implies that Appellant was denied the opportunity to depose the witnesses. But, he was not. Appellant did not file notices to take the depositions of any bartenders, employees, or patrons. Appellant did not subpoena any witnesses for deposition. Appellant did not file a motion to compel Appellees to produce any outstanding discovery. There is nothing in the record from which we may conclude that Appellees refused to comply with discovery or that Appellant was precluded from full and fair discovery. The case had been pending for ten months and there is nothing to support the statement that discovery had only just commenced.
 {¶ 17} A party needing evidence to oppose a motion for summary judgment, but "who fails to seek relief under Civ.R. 56(F) in the trial court does not preserve his rights under the rules for purposes of appeal." RR Plastics, Inc. v. F.E. MyersCo. (1993), 92 Ohio App.3d 789, 798. See, also, Maschari v.Tone, 103 Ohio St.3d 411, 2004-Ohio-5342, at ¶ 20, quotingTaylor v. Franklin Blvd. Nursing Home, Inc. (1996),112 Ohio App.3d 27, 30; Benjamin v. Deffet Rentals, Inc. (1981),66 Ohio St.2d 86, 92; State Farm Mut. Auto. Ins. Co. v. King, 12th Dist. No. CA2005-04-045, 2006-Ohio-336, ¶ 19, 23, 24. Appellant claims that he needed deposition testimony to oppose the summary judgment motion, yet he did not seek relief under Civ.R. 56(F). Therefore, Appellant has failed to preserve this issue for appeal. Appellant's argument lacks merit.
 {¶ 18} Appellant argues against summary judgment by alleging that Appellees' "evidence in the form of the deposition of Lee Sacre is not credible," which creates a "serious issue of material fact as to any credibility of Mr. Sacre." Appellant provides a lengthy discussion as to Mr. Sacre's lack of credibility and urges repeatedly that credibility is a question for the finder of fact. However, this argument is entirely immaterial at the summary judgment stage.
 {¶ 19} On summary judgment, the moving party must inform
the court of its basis for its motion and identify portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher, 75 Ohio St.3d at 292. In their motion, Appellees informed the court that Appellant could not support at least one element of his claim and identified Mr. Sacre's deposition (and its exculpatory testimony) as proof of Appellant's inability. At that point, Appellant's disbelief as to Mr. Sacre's veracity was irrelevant; the burden had shifted. Id. at 293; Civ.R. 56(E). Appellant had to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Appellant did not do so; he merely attacked Mr. Sacre's credibility. Attacking Mr. Sacre's credibility did nothing to further Appellant's prima facie case. Even if he had completely discredited Mr. Sacre, Appellant would still have failed to produce proof of each element of his claim. See Dresher,75 Ohio St.3d at 293; Mitseff, 38 Ohio St.3d at 115. As with resting on the claims or denials in the pleadings, this would proffer no proof and it would be insufficient. Id. This argument lacks merit.
 {¶ 20} Appellant argues that the trial court erred in deeming the Ohio Dram Shop Act to be the exclusive cause of action and urges this Court to find Appellees liable for ordinary negligence. This Court has previously determined that the Ohio Dram Shop Act, R.C. 4399.18, does in fact "provide the sole means for imposing liability on a liquor permit holder when a third party suffers injuries caused by the permit holder's intoxicated patron." Diquattro v. Stellar Group, Inc., 9th Dist. No. 04CA0095-M, 2005-Ohio-6457, ¶ 11.
 {¶ 21} To make out a prima facie claim under the Ohio Dram Shop Act, a plaintiff must present evidence to prove three elements:
"(1) the act[1] of an intoxicated person caused the personal injury * * *;
"(2) the intoxicated person's act occurred on the liquor permit holder's premises; and
"(3) the intoxicated person's act was proximately caused by the liquor permit holder's negligence in knowingly serving intoxicating beverages to the already intoxicated person." (Paragraph breaks inserted.) Keaton v. Gordon Biersch BreweryRest. Group, Inc., 10th Dist. No. 05AP-110, 2006-Ohio-2438, ¶ 43, citing R.C. 4399.18.
The first two elements are not in dispute. However, the trial court concluded, "there is no evidence that [Appellees] served Walker alcohol, despite knowing he was already intoxicated," and granted summary judgment on this basis.
 {¶ 22} Appellant argues that the trial court ignored genuine issues of material fact as to whether Appellees served alcohol to Mr. Walker and whether they knew he was already intoxicated when they did so. But, there is no evidence in the record to support this position. Appellant refers to his disbelief of Mr. Sacre's testimony: "The fact of his [Mr. Walker's] intoxication is a question of fact for the jury as Mr. Sacre tried to deny Adrian Walker was intoxicated in part of his [Mr. Sacre's] deposition." This is irrelevant. Appellant also speculates: "Even giving credibility to Mr. Sacre's rather incredulous deposition testimony, Adrian could have been served a drink after Lee Sacre told his bouncer to remove him and before the altercation." (Emphasis added.) This is insufficient. Appellant attempts to excuse his failure to produce evidence: "Many if not most habitual drunks do not utilize the services of bank cards, credit cards or payment by check. Many habitual drunks pay cash." This is inapplicable.
 {¶ 23} Based on our review of the record, Appellant has failed to proffer any evidence that would create a genuine issue of material fact to be submitted to the finder of fact. SeeDresher, 75 Ohio St.3d at 293. Appellees are entitled to summary judgment. This assignment of error is overruled.
 Cross-Assignment of Error
"THE TRIAL COURT ERRED BY FAILING TO APPLY THE FIREMAN'S RULE TO BAR PLAINTIFF'S CLAIMS."
 {¶ 24} Appellees defend the grant of summary judgment on a ground other than that relied on by the trial court. See App.R. 3(C)(2). However, this argument has been rendered moot by our disposition of Appellant's assignment of error. Therefore, we decline to address it. See App.R. 12(A)(1)(c).
 III. {¶ 25} Appellant's sole assignment of error is overruled. Appellees' cross-assignment of error is deemed moot. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J. concurs.
Carr, P.J. concurs in judgment only.
[1] Intentional torts are within the "acts or omissions of intoxicated persons that R.C. 4399.18 comprehends." McKinley v.Chris' Band Box, 153 Ohio App.3d 387, 390, 2003-Ohio-4086, ¶ 28. Despite its ambiguous language, Diquattro at ¶ 15, is distinguishable from the present issue because the unexplained intentional tort occurred off the owner's premises.