[Cite as *Marougi v. Hashim Assocs., Inc.*, 2016-Ohio-2664.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dominic J. Marougi                                  Court of Appeals No. L-15-1242

      Appellant                                     Trial Court No. CI0201305671

v.

Hashim Associates, Inc., et al.                     **DECISION AND JUDGMENT**

      Appellees                                     Decided:  April 22, 2016

* * * * *

Joseph W. Westmeyer, III, for appellant.

Timothy C. James and Kathleen M. Davis, for appellee.

* * * * *

**JENSEN, P.J.**

**Introduction**

{¶ 1} Dominic J. Marougi, the plaintiff appellant, brings this accelerated appeal from a decision by the Lucas County Court of Common Pleas to grant summary judgment to defendant-appellee, Hashim Associates, Inc. (d.b.a. Jo-Jo's Pizza). Appellant claims he was injured by four unidentified patrons while inside the bar-

restaurant and that appellee is liable for his injuries. Appellant's claims against appellee included a common law negligence claim and a statutory claim for violation of Ohio's "Dram Shop Act."

{¶ 2} Appellee moved for summary judgment, and the trial court granted the motion. For the reasons that follow, we affirm the lower court's judgment.

**Procedural History and Facts**

{¶ 3} According to appellant's deposition testimony, the incident occurred on December 19, 2012, at around 1:30 a.m. Appellant arrived at the bar approximately 3.5 hours earlier and spent his time playing pool and drinking beer. Appellant estimated that he drank four beers that night.

{¶ 4} Around 1:30 a.m., two patrons approached the pool table and asked him about the "dog tags" he was wearing. The two men told appellant that he was not worthy to wear the dog tags because he had not served in the armed forces. A third patron was watching appellant, and appellant felt "completely threatened for my life." He described them as "guys you didn't want to mess with."

{¶ 5} Appellant asked the bartender, who was behind the bar, to "get these guys away from the pool table." The bartender responded to "go fight outside." He asked the bartender again to "get these guys away from the pool table. They are messing with me." The bartender replied "Get the F outside and fight."

2.

{¶ 6} In appellant's opinion, the bartender essentially gave the patrons a "green light to fight" and caused them to become "very aggressive" toward appellant. He described what followed next:

The biggest gentleman [stared] at me directly in my eyes, I felt threatened by him. He was almost as big as me, and I noticed that wherever I walked he stepped where I stepped. So I knew he was going to be trouble. So I slapped him in the face to get him away from me. As soon as I did that, they all jumped on me like a hurricane. One guy came behind me. It was one buddy. He put me in a choke hold and took me down.

{¶ 7} Appellant made eye contact with the bartender as he was being taken down, but the bartender just "shook his head, * * * walked away and just let them * * * beat me to a pulp." There were four attackers in all, identified as John Doe #1, #2, #3, and #4, who struck appellant with their hands and feet, resulting in severe injuries to appellant's head, back and hand.

{¶ 8} After the incident, appellant drove himself home and later went to the emergency room, where he was treated and released.

{¶ 9} Appellant filed suit on December 19, 2013. In Count 1, he alleged that appellee and the bartender, identified as John Doe #5, were negligent by failing to provide security and to maintain the establishment in a safe manner. In Count 4, appellant alleged that appellee violated R.C. 4399.16 and 4399.18, Ohio's "Dram Shop

3.

Act," by permitting "such conduct to exist" and for failing to take any action to prevent his injuries.

{¶ 10} The remaining claims, set forth in Counts 2 and 3, were negligence and malicious battery claims, respectively, against all four John Does. Appellant voluntarily dismissed them and the bartender, John Doe #5, from the case without prejudice, pursuant to Civ.R. 41(A).

{¶ 11} Following appellant's deposition, appellee moved for summary judgment, which appellant opposed. By decision dated, May 4, 2015, the trial court found that appellant's common law negligence claim was not actionable because the Dram Shop Act provides the exclusive remedy to a plaintiff asserting a personal injury claim against a liquor-permit holder for the actions of intoxicated patrons. The trial court also dismissed appellant's Dram Shop claim, finding that appellant failed to put forth any evidence that appellee knowingly sold an alcoholic beverage to an intoxicated person.

{¶ 12} On appeal, appellant asserts two assignments of error for our review.

I. THE TRIAL COURT ERRED IN DETERMINING THAT DOMINIC'S NEGLIGENCE CLAIM AGAINST JO-JO'S IN COUNT ONE OF HIS COMPLAINT WAS NOT ACTIONABLE.

II. THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS NO EVIDENCE THAT JO-JO'S KNOWINGLY SERVED INTOXICATED PATRONS.

4.

**Standard of Review**

{¶ 13} Appellate review of a trial court's decision to grant summary judgment is de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We apply the same standard as the trial courts, without deference to the trial court's findings. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).

{¶ 14} A motion for summary judgment may be granted only when it is demonstrated:

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 15} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus; *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must

5.

respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery,* 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999).

### Law and Analysis

{¶ 16} "Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person." *Lesnau v. Andate Ents, Inc.,* 93 Ohio St.3d 467, 468, 756 N.E.2d 97 (2001). The law presumed that the proximate cause of injury was the consumption of the alcohol, not the sale. *Brown v. Hyatt-Allen Am. Legion Post No. 538*, 6th Dist. Lucas No. L-89-336, 1990 WL 174317, *3 (Nov. 9, 1990).

{¶ 17} The Dram Shop Act codified certain exceptions to the general rule of prohibiting liability. The act, as set forth in R.C. 4399.18, states, in pertinent part,

> [N]o person * * * who suffers personal injury * * * as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or an employee of a liquor permit holder who sold beer or intoxicating liquor to the intoxicated person unless the personal injury, * * * occurred on the permit holder's premises * * * and was proximately caused by the negligence of the permit holder or an employee of the permit holder. * * *

6.

{¶ 18} "Since the enactment of R.C. 4399.18 in 1986, it has been consistently held that the General Assembly clearly intended that 4399.18 provided the exclusive remedy against liquor permit holders * * * for the negligent acts of intoxicated patrons * * *." *Cummins v. Rubio,* 87 Ohio App.3d 516, 521, 622 N.E.2d 700 (2d Dist.1993). *See also Jackson v. Walker*, 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶ 20.

{¶ 19} Turning to the facts of this case, appellant argues that the trial court erred in finding that his negligence claim was abrogated by R.C. 4399.18. Appellant argues that the Dram Shop Act does not preclude negligence claims against a liquor permit holder for "an attack by one who is *not* intoxicated." (Emphasis added.) *Aubin v. Metzger,* 3d Dist. Allen No. 1-03-08, 2003-Ohio-5130, ¶16. In support of his negligence claim, appellant points out that nowhere in Count I of his complaint did he allege that John Doe #1, #2, #3, or #4 was intoxicated. Therefore, appellant maintains that the Dram Shop Act is not implicated, and does not bar, his negligence claim.

{¶ 20} As pointed out by appellee, this court resolved a case that was procedurally and substantively similar to the one at bar. *Wietrzykowski v. J-Ard Corp.*, 6th Dist. Lucas No. L-99-1120, 1999 WL 1267365, *3 (Dec. 23, 1999). In that case, the plaintiff was assaulted by two patrons in a bar. The plaintiff brought a negligence and a R.C. 4399.18 claim against the bar. We affirmed the grant of summary judgment to the bar, finding,

> Throughout this case [plaintiffs] have asserted, and have made every effort to prove, that the assailants were in fact intoxicated, that [the bar] had notice of their condition, and that [the bar] should have taken steps to

7.

protect [the victim-plaintiff] from the type of injuries that occurred. It now appears that [the plaintiffs] may be trying to assert that the assailants were *not* intoxicated, so that they can remove their case from the scope of R.C. 4399.01 and 4399.18 and present it under a common law theory of negligence. Such a common law theory of negligence is not the argument that [plaintiffs] presented in the trial court or the argument the trial court considered in making its ruling on summary judgment. The trial court found that under the facts of this case, R.C. 4399.18 and 4399.01 provide the sole remedies. This court agrees. (Emphasis in original.)

{¶ 21} As in *Wietrzykowski,* appellant in this case argued below that his attackers were intoxicated. He testified to that effect during his deposition and argued in his legal memorandum that "the proximate cause of [his] injuries was due to an intoxicated person." Moreover, he did not present an alternative theory, i.e. that his injuries were caused by person(s) who were not intoxicated. Appellant may not do so now.

{¶ 22} Arguments that parties raise for the first time on appeal will not be considered by an appellate court. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997). "Parties are not given a second chance to raise arguments that they should have raised below." (Citations omitted.) *Perlmutter v. People's Jewelry Co.*, 6th Dist. Lucas No. L-04-1271, 2005-Ohio-5031, ¶ 29.

{¶ 23} Thus, we will not address appellant's new argument that his negligence claim may proceed on the theory that his attackers may have been sober, or something

8.

less than intoxicated. Moreover, we agree with the trial court's legal conclusion that appellant's common law negligence claim is not actionable herein inasmuch as his claims are premised upon the actions of intoxicated patrons and therefore that R.C. 4399.18 sets froth the exclusive remedy available to him.

{¶ 24} Appellant's first assignment of error is not well taken.

{¶ 25} A plaintiff seeking to establish a prima facie claim under the Dram Shop Act must show:

(1) the act of an intoxicated person caused the personal injury * * *;

(2) the intoxicated person's act occurred on the liquor permit holder's premises; and

(3) the intoxicated person's act was proximately caused by the liquor permit holder's negligence in knowingly serving intoxicating beverages to the already intoxicated person. *Jackson v. Walker,* 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶ 21.

{¶ 26} In his second assignment of error, appellant disputes the trial court's finding that there was no evidence that appellee "knowingly sold alcoholic beverages to an intoxicated person."

{¶ 27} The resolution of the issue turns on whether any of appellant's attackers were noticeably intoxicated when served by appellee. If the record lacks evidence that they were or would have been noticeably intoxicated when served, then appellee is

9.

entitled to summary judgment. *Piras v. Screamin Willie's*, 10th Dist. No. 14AP-468, 2015-Ohio-255, 27 N.E.3d 973, ¶ 19-20.

{¶ 28} Prior to the assault, appellant testified that he observed a group of 4 or 5 people, including all 4 John Does, consume 4 or 5 pitchers of beer, over 3.5 hours. Based on the size of the group and the number of pitchers, he assumes that each John Doe drank an entire pitcher of beer in that time frame. He admits, however, that he "wasn't watching them the whole time." The only other evidence of intoxication by appellant was his claim that he smelled beer on their breath and their aggression toward him at the time of the assault. Appellant concludes that "it is reasonable to assume that John Does 1-4 were intoxicated when they purchased alcohol. A reasonable outcome of consuming *multiple* pitchers is that upon the purchase of the final two or at least one is that the purchaser is intoxicated." (Emphasis added.)

{¶ 29} First, appellant testified that he assumes that each John Doe consumed *one* pitcher of beer at most, and even that is speculative, as he concedes that he was not watching them the whole time. Moreover, there is no evidence in the record to demonstrate that appellee actually ever served John Doe #1 - #4, how any behaved at the time of service, or how much alcohol was actually consumed by each of them. It must be shown that the John Does appeared intoxicated at the time of service, not when the assault occurred. *Privett v. QSL-Milford, LLC,* 12th Dist. No. CA2013-04-025, 2013-Ohio-4129, ¶ 17. Finally, the fact that appellant smelled alcohol on their breath is evidence of drinking; it is not evidence of intoxication.

10.

{¶ 30} Based upon the record before us, there is simply no evidence to indicate that appellee knowingly sold alcohol to an intoxicated person. We agree with the conclusion of the trial court that the evidence relied upon by appellant does not create a genuine issue of material fact. Appellant's second assignment of error is not well-taken.

{¶ 31} Having found appellant's assignments of error not well-taken, we hereby affirm the judgment of Lucas County Court of Common Pleas. Costs are assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____
              JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.   _____
CONCUR.            JUDGE

           _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.